UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

STEVEN UNGER,

       Plaintiff,

vs.

MAJORCA AT VIA VERDE HOMEOWNERS
ASSOCIATION INC.,

       Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, STEVEN UNGER, by and through his undersigned counsel, and sues Defendant, MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC., and states as follows:

**I. NATURE OF THE ACTION**

1. This is a civil action brought pursuant to the federal Fair Housing Act [hereafter "FHA"], for damages and injuries arising from unlawful discrimination by the Defendant, MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. against Plaintiff, STEVEN UNGER, a person with disabilities. MAJORCA violated the FHA by refusing to make reasonable accommodations to its rules, polices, practices, and/or services when such an accommodation is necessary to afford the Plaintiff, STEVEN UNGER, an equal opportunity to use and enjoy his dwelling.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 3601, *et seq.*, and § 3613.

3. Venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this District, and the events giving rise to the Plaintiff's claims arose in this District.

## III. PARTIES

4. Plaintiff STEVEN UNGER [hereafter "STEVEN UNGER" and/or "Plaintiff"], is an individual with a disability that qualifies him for the protections of the FHA.

5. Defendant, MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC., (hereinafter "MAJORCA" or "Defendant"), is a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes, with its primary address at 3901 N. Federal Highway Suite 202, Boca Raton, FL 33431 and is responsible for administering and governing its housing community pursuant to its Articles of Incorporation, Declaration and By-Laws, and its Rules and Regulations.

6. The townhouses governed by MAJORCA are "dwellings" within the meaning of 42 USC § 3602(b) of the FHA.

7. MAJORCA is subject to the anti-discrimination provisions of the FHA.

## IV. FACTUAL ALLEGATIONS

8. STEVEN UNGER lives in a townhome located within the MAJORCA community.

9. STEVEN UNGER and his wife SANNE UNGER purchased their unit located at 5205 Majorca Club Drive, Boca Raton, FL 33486.

10. STEVEN UNGER suffers from and has a history of suffering from severe ankylosing spondylitis. STEVEN UNGER'S ankylosing spondylitis substantially limits his major life activities, particularly walking. Accordingly, STEVEN UNGER has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

11. When STEVEN UNGER first began living at MAJORCA, the minutes of the homeowners' association ("HOA") meetings were promptly posted online on the MAJORCA HOA's website, immediately after the meeting was held.

12. For unknown reasons, starting in April 2019, the minutes were no longer posted to the MAJORCA HOA website.

13. Mr. Unger cannot attend the meetings himself because of his disabling ankylosing spondylitis and the fact that meetings are held several miles from MAJORCA.

14. Online access to the minutes of the HOA meetings is important to STEVEN UNGER because he is physically unable to attend the meetings in person.

15. Beginning almost a year ago, on July 19, 2019, STEVEN UNGER began emailing Daniel Johnson, then the secretary of the MAJORCA HOA Board, requesting that he be forwarded copies of the HOA meetings.

16. Additionally, on July 25th and 26th, 2019 STEVEN UNGER's wife Sanne Unger emailed Tara Leigh Scott, president of the HOA, requesting that the minutes of the HOA meetings be posted online.

17. Tara Leigh Scott promised that the minutes would be posted, but the promise was never fulfilled.

18. In November of 2019 a new management company took over managing MAJORCA.

19. On January 15, 2020 Mrs. Unger emailed the new property manager, David Schwartz, asking if there was a community website for MAJORCA, and if so when it would be online. In her email Mrs. Unger indicated that there had not been access to personal account information and community happenings for several months.

20. On March 4, 2020 Mrs. Unger emailed the property manager as follows:

> *Mr. Schwartz,*
> *I never heard back from you regarding my email below; requesting access for my husband to view the HOA minutes and community account information and events. Unfortunately, he is unable to attend board meetings. In the past, he was able to view them online but has not had access for several months. Kindly post the information this week so he can keep up to date on the community happenings.*
> *Thank you,*
> *Sanne Unger*
> *5205 Majorca Club Dr*

21. Having heard nothing from Mr. Schwartz or anyone else associated with MAJORCA, on March 9, 2020 Ms. Unger made a formal request for accommodation on STEVEN UNGER's behalf. Specifically, her request stated:

> *Mr. Schwartz, Ms. Weaver, Mr. Johnson,*
>
> *My husband Steven has a physical disability that limits his mobility, and he is therefore unable to attend monthly HOA board meetings and has limited access to the community mailboxes. I am requesting a reasonable accommodation be made for him.*
>
> *Please e-mail either a recording of the board meetings, or a transcript of the monthly board meetings minutes to*

> *sama59@gmail.com immediately after the meetings occur. Please e-mail all community announcements, agendas, notifications, surveys, homeowner correspondence and any other community-related mailings to sama59@gmail.com.*
>
> *Kindly respond to my request within seven (7) business days. Thank you for your time and consideration, I look forward to receiving your response.*
>
> *Sanne Unger*
> *5205 Majorca Club Dr*

The March 9, 2020 Reasonable Accommodation Request is marked, attached hereto and incorporated by reference as Exhibit A.

22. Mr. Schwartz finally responded by email on March 27, 2020 as follows:

> *Good Morning:*
> *At this time, the board of directors does not record audio or video of the Board meetings. This is not normal practice for the board meetings. If and when you are able to attend the Board meetings, you are able to record the Board meetings. I believe the location of the meetings which are held at Sugar Sand Park is ADA compliant. If you are not able to attend the meetings, you may designate a set representative by power of attorney to attend the meetings for you and then that person may record or take notes as necessary of the Board meeting.*
>
> *The only transcripts which are available are the approved meeting minutes from the previous meeting. A website is being developed, once that is up and running, you will be able to have access to the*

> *community information easily. In the meantime, when the community information is available we will email you a copy. Should you have any additional questions please let me know.*
>
> *Thank you,*
> *David Schwartz LCAM*

The March 27, 2020 email denying the requested accommodation is marked, attached hereto and incorporated by reference as Exhibit B.

23. As of the time of this filing, online access to minutes of the HOA meeting has been made available to residents of MAJORCA, but only a month after the meeting subsequent to approval at the next board meeting.

24. Draft minutes are not posted, and minutes from many past meetings have never been provided, online or otherwise.

25. No minutes, draft or final, have ever been emailed to STEVEN UNGER as requested.

26. On May 15, 2020 UNGER's undersigned counsel wrote to property manager David Schwartz and MAJORCA's Board in an apparently futile attempt to explain MARJORCA's obligation to accommodate UNGER's disability. The letter from STEVEN UNGER's counsel is marked, attached, and incorporated herein as Exhibit C.

27. On May 26, 2020, MAJORCA responded through its counsel, Attorney Karen A. Gagliano, stating that because of Covid 19 HOA meetings are being held by Zoom, that Mr. and Mrs. Unger have access to in person and/or Zoom meetings, and "future approved minutes of Association will continue to be timely posted on the website, as will various other records of the Association." Attorney Gagliano's May 26, 2020 letter is marked, attached hereto and incorporated by reference as "Exhibit D."

28. Contrary to the representations in Attorney Gagliano's correspondence, STEVEN UNGER has not been able to attend the HOA meetings via Zoom because he and Mrs. Unger have been kept in the "waiting room" and not admitted to the meetings.

29. Furthermore, the minutes of the HOA meetings are still not being posted to the community's website, promptly or at all.

30. As of the date of this filing, MAJORCA has failed to accommodate STEVEN UNGER's disability by providing him minutes or recordings of meetings of the MAJORCA HOA, either immediately after the meetings, or at all.

31. MAJORCA's failure to modify its policies to accommodate STEVEN UNGER's disability is discriminatory and unlawful.

32. MAJORCA's actions were intentional, deliberate, willful and in total and reckless disregard of STEVEN UNGER's rights and show total indifference to STEVEN UNGER's disabilities.

33. STEVEN UNGER has been injured by MAJORCA's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

34. As a direct and proximate result of MAJORCA's conduct, STEVEN UNGER has incurred attorney's fees and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

35. STEVEN UNGER retained undersigned counsel and is obligated to pay a reasonable fee for her services.

36. All conditions precedent to the Plaintiff bringing this action have occurred, or the performance of such conditions have been waived by the Defendant.

## COUNT I
## <u>FAILURE TO REASONABLY ACCOMMODATE</u>

37. Plaintiff re-alleges and incorporates by reference Paragraphs 1-36 as if fully set forth herein.

38. STEVEN UNGER suffers from ankylosing spondylitis, which substantially limits his mobility.

39. Because of his disability STEVEN UNGER is unable to attend meetings of MAJORCA's homeowner's association in person.

40. MAJORCA was requested to provide minutes or a recording the meetings of the HOA to STEVEN UNGER because STEVEN UNGER's disability prevents him from being physically in attendance at HOA meetings.

41. MAJORCA has actual knowledge of STEVEN UNGER's disability and of his inability to attend association meetings in person.

42. As of the date of this filing, MAJORCA has failed to grant the request to accommodate STEVEN UNGER's disability by recording the association's meetings and/or ensuring he is provided prompt access to minutes of the meetings.

43. As of the date of this filing, MAJORCA has failed to accommodate a reasonable request for a disability.

44. Accommodating STEVEN UNGER's need for recordings and/or access to minutes of the HOA meetings would not: 1) result in substantial physical damage to the property of others; 2) pose an undue financial and administrative burden; or 3) fundamentally alter the nature of the MAJORCA's operations.

45. MAJORCA's failure to accommodate STEVEN UNGER's disability is discriminatory and unlawful.

46. MAJORCA's actions and conduct constitute a conscious and reckless disregard for STEVEN UNGER's 's rights and show total indifference to STEVEN UNGER's disability.

47. MAJORCA violated 42 U.S.C. § 3604(f)(3)(B), FHA by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford STEVEN UNGER an equal opportunity to use and enjoy his dwelling.

48. The discriminatory conduct of MAJORCA was intentional, willful, and taken in total disregard for Plaintiff's rights.

49. As a direct and proximate result of MAJORCA's failure to accommodate, STEVEN UNGER has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, STEVEN UNGER, requests that this Court and/or the jury:

A. Enter judgment against MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. declaring that MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. actions as set forth above, violate federal law, including but not limited to the FHA;

B. Enter an order requiring MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. to record its meetings and post the recordings online immediately after the meetings conclude;

C. Award STEVEN UNGER such damages as will fully compensate him for his injuries caused by MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC.'s discriminatory and tortious conduct;

    D. Award STEVEN UNGER punitive damages;

    E. Award STEVEN UNGER reasonable attorney's fees and costs incurred in bringing this action to enforce his federal rights, including but not limited to those under the FHA;

    F. Grant such other relief as justice may require.

## DEMAND FOR JURY TRIAL

50. Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 17th day of July 2020.

                                      **Marcy I. LaHart, PA**

                                      *s/ Marcy I. LaHart*
Marcy I. LaHart, Esquire
Florida Bar No. 0967009
207 SE Tuscawilla Rd
Micanopy, FL 32667
marcy@floridaanimallawyer.com
(352) 545-7001
Counsel for Plaintiff