

# Marcy I. LaHart PA

207 SE Tuscawilla Road
Micanopy, FL 32667
352/545-7001
Fax: 888-400-1461
marcy@floridaanimallawyer.com

May 15, 2020

David Schwartz, LCAM
Hawk-Eye Management Inc.
3901 N. Federal Highway, Suite 202
Boca Raton, FL 33431

RE: Failure to accommodate Steven Unger

Dear Mr. Schwartz:

I have been retained by Steven and Sanne Unger to address blatant violation of local, state and federal anti-discrimination provisions by Majorca at Via Verde Homeowners Association, Inc. and Hawk-Eye Management Inc. As you are aware, Mr. Unger's disability precludes him from being able to be physically present at meetings of Majorca at Via Verde Homeowners Association, Inc.'s Board of Directors. Recently a very reasonable request for accommodation of Mr. Unger's disability was made on Mr. Unger's behalf; that proceedings of Board of Directors be made accessible to Mr. Unger by either recording the meetings or providing minutes of the meetings by email immediately after the meetings. On March 27, 2020 you responded to this request by stating that Mr. Unger could record the meetings himself if he attended, or "designate a set representative by power of attorney to attend meetings for you and then that person may record or take notes as necessary of the Board meeting."

**Exhibit C**

David Schwartz
May 15, 2020
Page 2

This response in and of itself violates local, state and federal Fair Housing laws. Recording Board meetings and/or promptly providing minutes of Board meetings via email is a reasonable accommodation because doing so would not impose an undue financial or administrative burden upon the Association. The request for accommodation made it quite clear that the reason for the request is that Mr. Unger's disability precludes him from being able to be physically present at the Board's meetings. If he could attend the Board meetings himself, he would not need to record them.

Furthermore, stating that a disabled person can just designate someone else to attend the meetings for him evinces both indifference to Mr. Unger's disability and an appalling ignorance of the legal obligations of both Association and Hawk-Eye Management Inc. to "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Because the accommodation requested by my clients is facially reasonable, the accommodation should have been granted immediately without further discussion or suggestion of alternatives. See *Schaw v. Habitat for Humanity of Citrus Cnty., Inc.*, 938 F.3d 1259 (11th Cir. 2019)

Mr. Unger wishes to be kept abreast of what is happening in his community, and the Association's response to a very reasonable request that minutes be provided to him via email after the meetings was both dismissive and condescending. As this request does not pose a financial or administrative burden upon the Association, I look forward to confirmation that minutes of meetings of Majorca at Via Verde Homeowners Association, Inc. will be emailed to Mr. Unger at the conclusion of each meeting. Vague promises that meeting minutes will someday be posted to a website are simply unacceptable.

Please be advised that any discussion of Mr. Unger's disabilities with anyone beyond those that need such information to fulfill the requested accommodation is considered both a violation of his privacy and a violation of anti-discrimination laws. Further, any attempts to retaliate against either

**Exhibit C**

David Schwartz
May 15, 2020
Page 3

Steven or Sanne Unger based upon their exercise of their fair housing rights will be met with prompt legal action.

Very truly yours,

Marcy LaHart, Esq.


cc:   Tara Leigh Scott, President
      Daniel Johnson, Secretary
      Loye Matika, Board Member
      John Runhaar, Board Member
      Robert N. Black, Board Member

**Exhibit C**