## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81175-AHS

STEVEN UNGER,

      Plaintiff,

v.

MAJORCA AT VIA VERDE
HOMEOWNERS ASSOCIATION, INC.,

      Defendants.

_____/

### DEFENDANT MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC.'S MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Comes Now, Defendant MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC. ("Majorca" or "Association"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Honorable Court for entry of an Order granting dismissal with prejudice in its favor as to Plaintiff's, STEVEN UNGER, Complaint [DE 1], together with the incorporated Memorandum of Law, and in support thereof, states as follows:

### BACKGROUND

This is an action arising out of allegations of failure to reasonable accommodate a disability pursuant to the Fair Housing Act ("FHA"). Plaintiff alleges that he suffers from a physical disability which inhibits him from attending Association meetings in person. *Compl.* ¶10, 13. Plaintiff alleges he requested, among other things, recordings and transcripts of the monthly board meetings. *Id.* at ¶21. Initially, the timing of the Plaintiff's complaint cannot be overlooked. In light of the COVID-19 global pandemic, the Association has conducted all board meetings via Zoom since March 2020, thus enabling Plaintiff an opportunity to attend Board meetings from the

1

comfort of his home. *Id.* at ¶27.  Nevertheless, Plaintiff admits the Association's property manager offered him the option of "**designat[ing] a set representative by power of attorney to attend the meetings for you and then that person may record or take notes as necessary of the Board meeting**" since the Board does not record its meetings. *Id.* at ¶22 (emphasis added).  Despite the clear interactive discussions and efforts to satisfy Plaintiff's request, Plaintiff claims he was somehow denied a reasonable accommodation and brings the instant suit. *Id.*  Additionally, even though Plaintiff acknowledges the property manager advised him meeting minutes would be placed on the developing community website for all members upon approval at the next board meeting, Plaintiff claims this too is somehow a violation of the FHA since the minutes are not instantaneously available to him. *Id.* at ¶23 (alleging access is available "only a month after the meeting subsequent to approval at the next board meeting.").  Plaintiff's claims are wholly contradicted by the allegations and exhibits he attached to his pleading and insufficient to create a justiciable controversy regarding statutory violations of the Fair Housing Act.  Accordingly, dismissal of the Complaint is appropriate, as Plaintiff fails to state a cause of action.

## <u>MEMORANDUM OF LAW</u>

### A.    Legal Standard

In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true, and construes all of the facts in favor of the plaintiff. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). That said, a complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"A motion to dismiss for failure to state a claim [generally] tests the sufficiency of the complaint." *Hazel v. Schl. Bd. of Dade County*, 7 F. Supp. 2d 1349 (S.D. Fla. 1998). A motion to dismiss for failure to state a claim will be granted when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hazel*, 7 F. Supp. 2d at 1352 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Mallo v. Public Health Trust of Dade Cty*, 88 F. Supp. 2d 1376 (S.D. Fla. 2000).  It is of great importance that a complaint alleges facts properly setting forth the essential elements of a cause of action.  *Hazel*, 734 F. Supp. 2d at 1352. Federal Rule 12(b)(6) provides that dismissal of a complaint is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

Additionally, "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Fed. R. Civ. P.* 10(c).  "If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss." *Fladell v. Palm Beach Cty.,* 772 So. 2d 1240, 1242 (Fla. 2000)(citation omitted); *see also Harry Pepper & Associates, Inc. v. Lasseter,* 247 So. 2d 736, 737 (Fla. 3d DCA 1971)(finding that an exhibit has the "effect of neutralizing each allegation and rendering the pleading objectionable" where there are inconsistencies between the general allegations in a complaint and the specific facts revealed by the exhibit).  Here, in examining the exhibits attached to the Plaintiff's Complaint, the claims are "neutralized" by inconsistencies between the general allegations in the Complaint and the specific facts of the exhibit.  Moreover, a document outside the four corners of the complaint may still be considered if it is central to the Plaintiff's claims and

is undisputed in terms of authenticity. See e.g., *Maxcess, Inc. v. Lucent Technologies, Inc.,* 433 F.3d 1337, 1340 (11th Cir. 2005); *Day v. Taylor*, 400 F. 3d 1272 (11th Cir. 2005).

**B.     Plaintiff's Claim for Failure to Reasonably Accommodate Fails To State A Claim Upon Which Relief Can Be Granted.**

Plaintiff has failed to allege any actions by the Defendant Association that would constitute a violation of the federal Fair Housing Act (42 U.S.C. §3601, et seq.).  Specifically, 42 U.S.C. §3604(f)(3)(B) states:

For purposes of this subsection, discrimination includes-

…

(B)     a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations **may be necessary to afford such person equal opportunity to use and enjoy a dwelling**;

*See* 42 U.S.C. §3604(f)(3)(B) (emphasis added).   To state a reasonable accommodation claim under the Fair Housing Act, a plaintiff must plead four elements: (1) he is disabled within the meaning of the FHA; (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an equal opportunity to use and enjoy the dwelling, and (4) the defendant refused to make the requested accommodation. *Schaw v. Habitat for Humanity of Citrus County, Inc.*, 938 F.3d 1259 (11th Cir. 2019).[1]

**1.     Plaintiff Has Failed to Sufficiently Set Forth A Prima Facie Case For Failure to Reasonably Accommodate.**

The FHA prohibits discriminating against a person on the basis of a "handicap," or a disability, by refusing to make reasonable accommodations when necessary to afford the person equal opportunity to use and enjoy a dwelling. *Bhogaita v. Altamonte Heights Condo. Ass'n,* 765 F.3d 1277 (11th Cir. 2014).  The FHA defines "handicap" as "(1) a physical and mental impairment

---

[1] The Complaint identifies and attaches correspondences requesting an accommodation. *See Exhibit A.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

which substantially limits one or more of such person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment. . ." 42 U.S.C. § 3602(h). Case law indicates that Courts should consider major life activities to include 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.' *Peklun v. Tierra Del Mar Condominium Association, Inc.*, 2015 WL 8029840 (S. D. Fla. 2015); *Hillburn v. Murata Electronics of N. America, Inc*., 181 F.3d 1220, 1226-27 (11th Cir. 1999).

Plaintiff conclusively alleges that he is handicapped and limited in his ability to walk, concluding that he cannot attend meetings himself. *Compl.* ¶¶10, 13. These are precisely the type of deficient and generic allegations that fall below the applicable pleading requirements. S*ee Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Importantly, the Complaint is entirely devoid of allegations as to how or why Plaintiff's disability interferes with his ability to attend Board meetings. For example, there are no allegations that the place where the Association Board meetings are held are not handicap or wheelchair accessible. Accordingly, Plaintiff's Complaint fails to allege sufficient facts to survive a motion to dismiss.

### 2. Plaintiff Cannot Establish that an Accommodation was Necessary to Afford Plaintiff an Equal Opportunity to Use and Enjoy his Dwelling.

The Complaint also fails to allege sufficient facts as to how Plaintiff's requested accommodation is "necessary to afford [Plaintiff] equal opportunity to use and enjoy" the relevant dwelling. In fact, Plaintiff fails to allege how any other (non-disabled) owner is in a different position or is treated differently. A disabled person must show the relationship between the person's disability and the need for the requested accommodation. *Sabal Palm Condominiums of Pine Island Ridge Ass'n, Inc. v. Fischer,* 6 F. Supp. 3d 1272, 1289 (S.D. Fla. 2014).

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Here, there are no allegations that other (non-disabled) owners receive meeting minutes before they are approved, no allegations that Plaintiff would have any ability to vote on or change the meeting minutes, no allegations that he was not afforded any equal opportunities that other owners have, nor how or why being unable to attend board meetings would have violated his ability to use and enjoy his <u>dwelling</u>.  Instead, Plaintiff requested that Defendant provide him access to unapproved and draft meeting minutes as an accommodation because he is allegedly unable to attend the next Board meeting when those meeting minutes would be introduced.  Immediate access to unapproved meeting minutes is not alleged to be afforded to any other owner, nor is it possible based upon the Board's reasonable practices relating to how they approve and finalize their meeting minutes.  Rather, the Plaintiff confirms he would have access to the minutes <u>at the same time</u> and <u>in the same manner</u> as every other owner – as such minutes would be posted online once approved by the Board. *See generally Compl.* ¶¶22, 23.

Plaintiff's requested accommodation to be immediately provided unapproved and/or draft meeting minutes is not proper nor necessary for the use and/or enjoyment of his dwelling.  Plaintiff has wholly failed to plead how he is being treated unequally compared to any other resident instead attempting to place himself in a better position than other owners. "The [Fair Housing] Act only ensures that the handicapped person is provided an equal opportunity to use and enjoy a dwelling, not a better opportunity than members of the surrounding community." *See Schaw, supra.* As such, Plaintiff's requested accommodation to be provided meeting minutes immediately after a Board meeting would undoubtedly fundamentally alter the nature of the Association's operations and

provide Plaintiff a better opportunity than other members of the community which is not what the Fair Housing Act requires of a housing provider.[2]

Further, "to show that a requested accommodation may be necessary, there must be an identifiable relationship, or nexus, between the requested accommodation and the individual's disability." *Sabal Palm Condominiums of Pine Island Ridge Ass'n, Inc. v. Fischer,* 6 F. Supp. 3d 1272, 1289 (S.D. Fla. 2014).  Here, there is no nexus alleged between Plaintiff's disability and early/immediate access to the Board's draft meeting minutes.  Plaintiff instead alleges that "online access to the minutes of the HOA meetings is important to [Plaintiff]…" and "online access to minutes of the HOA meeting **has been made available to residents**, but only a month after the meeting subsequent to approval at the next board meeting".  *Compl.* ¶¶14, 23 (emphasis added). No such nexus exists between the requested accommodation and the Plaintiff's disability and no allegation indicates how or why the same would be necessary or related.  As such, Plaintiff has failed to state a cause of action for failure to reasonably accommodate.

> 3.     **Plaintiff's Allegation that Defendant Refused to Make an Accommodation is Wholly Contradicted by the Allegations and Exhibits Attached to the Complaint.**

Plaintiff claims that he requested a recording or transcript of the Board meeting, which accommodation was rejected by the Association in favor of other options. *Compl.* ¶13.  Notably, the law entitles a disabled person only to an accommodation that is reasonable and necessary, not to an accommodation of his/her choosing. *Weiss v. 2100 Condo. Ass'n,* 941 F. Supp. 2d 1337, 1344 (S.D. Fla. 2013).  Here, a review of the Complaint and its Exhibits reveal that Defendant never denied Plaintiff's request for an accommodation.  To the contrary, the March 27, 2020

---

[2] Additionally, even assuming arguendo Plaintiff was somehow entitled to this very specific accommodation, which he is not, the meeting minutes would be in draft form and subject to change providing either incomplete or inaccurate, non-final information.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

correspondence confirms that the Association granted Plaintiff a reasonable accommodation to fully address his inability to personally attend Board meetings. Not only did the Association invite Plaintiff to attend board meetings via Zoom along with the rest of the world following the COVID-19 outbreak, but the Association further offered Plaintiff the ability to designate any third party to record the meetings or attend in his place. *See Exhibit B; See also, Exhibit D.* [3]

Thus, Plaintiff's allegations of the Association failing to accommodate his disability is flatly contradicted by the very exhibits he attaches to the Complaint. Notably, where an exhibit facially negates a cause of action, the document attached as an exhibit controls. *Fladell v. Palm Beach Cty.,* 772 So. 2d 1240, 1242 (Fla. 2000)(citation omitted). To be sure, Plaintiff does not allege that the Association prevented him from designating a third person, prevented that person from recording, or otherwise did anything contrary to the proffered reasonable accommodation. Nor does Plaintiff provide any facts to support an inference that the proposed accommodation was somehow insufficient to address Plaintiff's concerns in affording him an equal opportunity as his non-disabled peers. As such, the exhibits contradict Plaintiff's claims that the Association refused to reasonably accommodate him and therefore, Plaintiff's Complaint must be dismissed.

### 4.     Plaintiff's Claim for Failure to Reasonably Accommodate is Moot.

The United States Constitution limits the jurisdiction of federal courts to the consideration of 'cases and controversies.' U.S. Const. Art. III § 3. The doctrine of mootness derives from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy. *Troiano v. Supervisor of Elections*, 382 F.3d 1276 (11th Cir. 2004). The Fair

---

[3] Defendant Association also notes that there are no allegations that the Association prevented Plaintiff's wife, who does not suffer from a disability, from attending board meetings, recording board meetings, or otherwise accessing meeting minutes in the same way as other owners. Instead, **Exhibit D** specifically addresses that Plaintiff's wife will similarly be able to attend (as she always has had the ability to do) including granting her the ability to tape or video record the meetings for Plaintiff's personal use when in person meetings resume. *See Plaintiff's Exhibit D.* As such, Plaintiff's claim is entirely moot and should be dismissed.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Housing Act does not demand that housing providers immediately grant all requests for accommodation. *Schwarz,* 544 F.3rd at 1219.  However, Plaintiff asserts a claim for failure to reasonably accommodate on the factually incongruous grounds that Defendant has refused to grant his request for reasonable accommodation to be provided with meeting minutes or a recording of the meetings because he allegedly cannot physically attend Association meetings. *Compl.* ¶40. Although it may not be precisely the "accommodation" he requested, Plaintiff acknowledges that he has access to the meeting minutes online after they are approved. *Compl.* ¶23.  A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Troiano, supra.*   Here, Defendant provided Plaintiff with a reasonable accommodation - that he could designate any individual to record meetings that he could not attend in person and that all other relevant materials requested would be placed on the community website for his use and enjoyment. *Compl.* ¶22.  Based on the allegations of the Complaint, it is clear that Plaintiff's claim is entirely rendered moot.

Furthermore, as alleged in the Complaint, since the beginning of COVID-19, Plaintiff had (and still has) access to Board meetings including the ability to attend virtually pursuant to Zoom technology along with every other Association member.   Nevertheless, because Plaintiff experienced technology delays in that he was "kept in the waiting room" at one of the recent board meetings, he believes the same serves as sufficient basis to file the instant federal lawsuit. Curiously absent from his Complaint is any allegation that Plaintiff informed the Association of his inability to enter any Zoom meeting, that he ever complained regarding this inability to enter any Zoom meeting, or that he was otherwise denied the ability to attend via Zoom, let alone an

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

allegation that no other Board member had a similar experience with the technology.[4]  Instead, Plaintiff concludes that because he was allegedly unable to enter the meeting, such conduct must have been intentionally (or with reckless disregard) done by the Association to prevent his attendance which, he concludes, must have something to do with his disability. *Id.* at ¶32.  Such threadbare allegations do not support a cause of action for failure to reasonably accommodate and Plaintiff's claim must be dismissed.

Of course, due to the fact that all board meetings are being held virtually, Plaintiff's claim is rendered moot as there are no in-person board meetings occurring.  Further, there is no fear of any issue in the future because, as addressed by Defendant in response to Plaintiff's requested accommodation, a reasonable accommodation allowing a designated third person (or Plaintiff's wife) to record the meetings was indicated to address his concerns relating to in-person attendance. Plaintiff's claim summarily fails.

## CONCLUSION

In light of the arguments above, Defendant respectfully requests this Court dismiss the Complaint with prejudice in its entirety.  Here, it is clear on the face of the Complaint, and the exhibits attached thereto, that the Association at all times acted within the purview of the Fair Housing Act and engaged in an interactive process designed to address Plaintiff's requested accommodation.  This Complaint is a disguised effort to merely circumvent compliance with the Association's proffered reasonable accommodations due to Plaintiff's personal preference. Therefore, it is clear that Plaintiff's Complaint fails to state a claim upon which relief can be

---

[4] In fact, as expressly indicated in **Exhibit D** to the Complaint, "[a]ll owners received timely notice, as well as instructions, on how to 'attend' and take part in these virtual meetings.  Specifically [Plaintiff and his wife] received email notices to the email address they previously registered with the Association."  *See Plaintiff's Exhibit D.* Plaintiff does not contradict this assertion in his allegations.  It is clear that Plaintiff (and his wife) had an equal opportunity to attend the meetings, just like every other owner, and that any purported disability limiting Plaintiff's ability to walk is entirely irrelevant and mooted.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

granted.  There simply is no case or controversy at issue here.  Plaintiff concedes that he has access to meeting minutes online (just not immediately after the meeting- which no resident has an opportunity to do), has been provided the same opportunities to attend Board meetings via Zoom technology as every other owner, and has been granted the ability to designate any other individual to attend and record meetings for his viewing pleasure to accommodate his alleged inability to attend in person (which is not the typical practice of the Association).

     WHEREFORE, Defendant MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's, STEVEN UNGER, Complaint with prejudice for failure to state a cause of action upon which relief can be granted, and take such further action as it deems just and proper.

**Dated:  September 8, 2020.**

                           Respectfully Submitted,

                           COLE, SCOTT & KISSANE, P.A.
                           *Counsel for Defendant Majorca HOA*
                           Esperante Building
                           222 Lakeview Avenue, Suite 120
                           West Palm Beach, Florida 33401
                           Telephone (561) 383-9228
                           Facsimile (561) 683-8977
                           Primary e-mail: rachel.beige@csklegal.com
                           Secondary e-mail: justin.edell@csklegal.com

            By:   */s/ Justin D. Edell*
                           RACHEL K. BEIGE
                           FBN: 0016366
                           JUSTIN D. EDELL
                           FBN: 105105

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of September, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.


By:  /s/ *Justin D. Edell*
   RACHEL K. BEIGE
   Florida Bar No.:  0016366
   JUSTIN D. EDELL
   Florida Bar No.:  105105

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX