UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81175-AHS

STEVEN UNGER,

    Plaintiff,

vs.

MAJORCA AT VIA VERDE HOMEOWNERS
ASSOCIATION INC.,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, STEVEN UNGER, ["Unger" and/or "Plaintiff"] by and through his undersigned counsel, opposes and responds to Defendant MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC.'s ["MAJORCA and/or "Defendant"] Motion to Dismiss [DE 8] as follows:

### INTRODUCTION

The arguments comprising MAJORCA's Motion to Dismiss demonstrate that MAJORCA fundamentally misunderstands the Complaint that was filed, minimum pleading requirements, and its own obligations as a housing provider under the FHA.

## PERTINENT FACTS

The Complaint alleges that the Plaintiff has "severe ankylosing spondylitis," a degenerative physical disability. DE 1 at ¶10. The Complaint also alleges that this disability substantially limits his major life activities, particularly Plaintiff's mobility. *Id.* Because UNGER is physically unable to attend meetings of his homeowner association's board, and because the Defendant had ceased posting its prior practice of meeting minutes online immediately after the meetings, in July of 2019 UNGER requested via email that the secretary of the board email minutes to him. DE 1 at ¶11-15. After UNGER did not enjoy the courtesy of a response, UNGER's wife emailed the board president requesting the minutes be posted online. UNGER's wife was told the minutes would be posted but they never were. Id. at ¶ 16-17. Subsequent inquiries regarding a community website and posting of minutes were ignored. Id. at ¶ 19-20.

On March 9, 2020, after minutes had not be posted for almost a year, UNGER's wife emailed MAJORCA's property manager David Schwartz informing him that her husband "has a physical disability that limits his mobility, and he is therefore unable to attend monthly HOA board meetings and has limited access to the community mailboxes." As an accommodation of UNGER's disability she asked that either a recording of the board meetings or the minutes be emailed immediately after the meetings were conducted. *Id.* at ¶ 21.

This simple request was denied. MAJORCA stated that instead "you may designate a set representative by power of attorney to attend the meetings for you and then that person may record or take notes as necessary of the Board meeting." *Id.* at ¶ 22.

Almost year after UNGER began trying to secure access to the minutes of MAJORCA's board meetings he enlisted the assistance of counsel, who was also unsuccessful in persuading MAJORCA to take action to accommodate UNGER's disability. *Id.* at ¶ 25-26. A disability discrimination suit under the Fair Housing Act followed based upon MAJORCA's inexplicable refusal to grant a simple request to accommodate a disabled resident's request to be promptly apprised of the actions of the board of directors so that he has the same access to information as any able-bodied resident, notwithstanding his inability to physically attending board meetings.

MAJORCA has moved to dismiss UNGER's Complaint, with prejudice. DE 8. MAJORCA claims that UNGER has failed to state a cause of action for disability discrimination, and asserts that because MAJORCA has asserted that UNGER may designate someone to attend meetings and take notes for him, and because the board meetings are now via ZOOM during the threat of COVID 19, UNGER's claim for failure to accommodate "moot." *Id*.

MAJORCA's arguments are addressed in the order asserted in its Motion to Dismiss.

## LEGAL ARGUMENT

### A. PLAINTIFF HAS PLED A PRIMA FACIE CASE FOR FAILURE TO GRANT A REASONABLE ACCOMMODATION

To state a claim for failure to accommodate under 42 U.S.C. § 3604(f)(3)(B), a plaintiff must allege facts which show that: "(1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendant refused to make the requested accommodation." *Carlson v. Sunshine Villas Hoa Inc.*, 2:18-cv-1-FtM-99MRM, (M.D. Fla. May. 22, 2018) citing *Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*, 347 Fed. Appx. 464, 467 (11th Cir. 2009). The Court must accept the plaintiff's factual allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Carpenter v Syndicated Office Systems, LLC*, 319 F.Supp. 1272, 1273-74 (S. D. Fla. 2018). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties*, L.P., 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

In the instant case the complaint alleges "STEVEN UNGER suffers from and has a history of suffering from severe ankylosing spondylitis. STEVEN UNGER'S ankylosing spondylitis substantially limits his major life activities, particularly walking." DE 1 at ¶ 10. MAJORCA erroneously asserts the allegations specifically identifying both the physical impairment suffered by UNGER and a life activity that is substantially limited "are precisely the type of deficient and generic allegations that fall below the applicable pleading requirement." DE 8 at 5. According to MAJORCA:

> *the Complaint is entirely devoid of allegations as to how or why Plaintiff's disability interferes with his ability to attend Board meetings. For example, there are no allegations that the place where the Association Board meetings are held are not handicap or wheelchair accessible. Accordingly, Plaintiff's Complaint fails to allege sufficient facts to survive a motion to dismiss.*

*Id.*

It is unclear which of the four elements of a prima facia case Defendant contends were adequately alleged. The Complaint clearly alleges that UNGER has an impairment that substantially limits a major life activity; specifically, that UNGER has ankylosing spondylitis which limits his ability to walk. DE 1 ¶ 10. The Complaint does not allege that UNGER uses a wheelchair, namely because UNGER does not use a wheelchair, hence the purported wheelchair accessibility of "the place where the meetings are held" is irrelevant.

The Complaint states that UNGER, UNGER's wife, and then UNGER's attorney requested that recordings or minutes of board meetings be promptly provided after the meetings as an accommodation of UNGER's disability. DE 1 at 2-4. Accordingly, the Complaint clearly alleges that an accommodation was requested, and in fact was requested upon multiple occasions.

The Complaint states that UNGER is physically unable to attend the meetings in person, is not afforded real-time access, and that minutes are not posted online, and had not been posted online for more than a year before the Complaint was filed. *Id.* at ¶12, 29. Accordingly, the Complaint states why the requested accommodation of recording the board meetings and/or promptly posting minutes is a necessary accommodation; so that UNGER has the same access to information regarding the actions taken by the board of directors as any non-disabled resident.

Finally, the Complaint clearly states that the requested accommodation has not been granted by MAJORCA. Id. at ¶ 30. Unequivocally, the Complaint states a prima facia case for failure to accommodate.

### B. **PLAINTIFF DOES NOT NEED TO "ESTABLISH" THAT AN ACCOMMODATION WAS NECESSARY TO AFFORD PLAINTIFF AN EQUAL OPPORTUNIY TO USE AND ENJOY HIS DWELLING**

The title of the next section of MAJORCA's motion to dismiss asserts that Plaintiff cannot "establish" that an accommodation was necessary to afford Plaintiff and equal opportunity to use his dwelling. At the stage of a motion to dismiss

Plaintiff need not "establish" anything, the complaint needs merely to <u>allege</u> facts that if true show the accommodation would affirmatively enhance UNGER's quality of life by ameliorating (or reducing) the effects of his disability. *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1288 (11th Cir. 2014) (a "necessary" accommodation is one that alleviates the effects of a disability.) Because of his disability, UNGER is unable to physically attend board meetings, and accordingly cannot observe for himself what occurs at MAHORCA's board meetings. Recording the board meetings for him or providing him minutes would ameliorate the effect of his disability.

According to MAJORCA "the Complaint fails to allege sufficient facts as to how Plaintiff's requested accommodation is 'necessary to afford [Plaintiff] equal opportunity to use and enjoy' the relevant dwelling." According to MAJORCA, this failure is underpinned by the fact that "Plaintiff fails to allege how any other (non-disabled) owner is in a different position or treated differently." Defendant's apparent inability to understand the clear allegations in the complaint and fundamental lack of understanding of the FHA are apparent:

> *Here, there are no allegations that other (non-disabled) owners receive meeting minutes before they are approved, no allegations that Plaintiff would have any ability to vote on or change the meeting minutes, no allegations that he was not afforded any equal opportunities that other owners have, nor how or why being unable to attend board meetings would have violated his ability to use and enjoy his dwelling. Instead, Plaintiff requested that Defendant*

> *provide him access to unapproved and draft meeting minutes as an accommodation because he is allegedly unable to attend the next Board meeting when those meeting minutes would be introduced. Immediate access to unapproved meeting minutes is not alleged to be afforded to any other owner, nor is it possible based upon the Board's reasonable practices relating to how they approve and finalize their meeting minutes. Rather, the Plaintiff confirms he would have access to the minutes at the same time and in the same manner as every other owner – as such minutes would be posted online once approved by the Board.*

Plaintiff has not asked for "immediate access to unapproved and draft minutes." Because minutes are no longer being posted at all and because Plaintiff is physically unable to attend the meetings himself because of his disability, Plaintiff asked that the meetings be recorded and the recordings sent to him, or that minutes be sent promptly after the conclusion of the meetings, as was done historically. Whether the minutes are draft or approved has no bearing on whether the minutes provide Plaintiff at least some information regarding what was discussed at his community's board meetings and what actions were taken by the board. It is apparently lost upon Defendant that residents whose mobility is not adversely impacted by a progressive, debilitating disease may walk to their cars, drive to facility at which the meetings take place and walk into the meeting and observe the discussions as they are taking place, a freedom not enjoyed by the Plaintiff. Residents that are physically able to attend board meetings in person need not wait indefinitely to learn what happened

at board meetings, if ever, as they can observe comments and deliberations and votes in real time.

As should be obvious, residents whose mobility is not limited by disability have access to the board meetings as the meetings are occurring. UNGER does not. UNGER does not have the same ability as other non-disabled residents to enjoy his dwelling because UNGER does not have the same ability to stay abreast of what happening within his community. The accommodation UNGER requested, in lieu of the prior practice of posting minutes, having the board meetings recorded and promptly being provided a copy of the recording, places him on equal ground with able bodied residents that enjoy the ability to be apprised of community happenings and issues by physically attending the meetings.

Yet according to MAJORCA:

> *Plaintiff's requested accommodation to be provided meeting minutes immediately after a Board meeting would undoubtedly fundamentally alter the nature of the Association's operations and provide Plaintiff a better opportunity than other members of the community which is not what the Fair Housing Act requires of a housing provider.*

Whether a requested accommodation would "fundamentally alter the nature of the Association's operations" is an affirmative defense which Defendant must prove with facts rather than bare assertions. See *Schaw v. Habitat for Humanity of Citrus Cnty., Inc.*, 938 F.3d 1259, 1266 n.3 (11th Cir. 2019) ("undue hardship is an

affirmative defense to be pled and proven by a [FHAA] defendant.") citing *Willis v. Conopco, Inc* ., 108 F.3d 282, 286 (11th Cir. 1997).") A case cannot be dismissed upon the Defendant's bare assertion that a requested accommodation would "undoubtedly fundamentally alter the nature of the Association's operations."

Further, an accommodation that allows UNGER, notwithstanding his inability to physically appear at board meetings, to be kept abreast of issues being discussed in his community, matters being acted upon by the board of directors, and expenses being paid by in part by the dues UNGER pays does not in any way provide him a "better opportunity" than other residents of MAJORCA that are able to attend meetings in person, such an accommodation provides him an equal opportunity.

### C. **THE ALLEGATION THAT DEFENDANT FAILED TO GRANT A REASONABLE ACCOMMODATION IS NOT CONTRADICTED BY THE ALLEGATIONS OF THE COMPLAINT OR THE EXHIBITS THERETO**

MAJORCA claims that the Complaint should be dismissed based upon a letter from MAJORCA's counsel attached to the Complaint asserting that all residents were invited to attend meetings on May 6th and May 20th 2020 by ZOOM, and because the Defendant has told UNGER that if he is physically unable to attend the board meetings UNGER may designate someone to attend and take notes for him.

First, the Complaint notes that "[c]ontrary to the representations in Attorney Gagliano's correspondence, STEVEN UNGER has not been able to attend the HOA meetings via Zoom because he and Mrs. Unger have been kept in the 'waiting room'

and not admitted to the meetings." DE 1 ¶ 28. ZOOM access has thus far been only illusory. Second, the fact that the Defendant deigned to allow UNGER the ability to designate "any third party" to attend the board meeting and take notes for him does not insulate MAJORCA from liability for failing to grant the accommodation that UNGER requested. UNGER is only required to consider alternatives to the accommodation he requested if his requested accommodation is not "reasonable on its face." See *Schaw v. Habitat for Humanity of Citrus County Inc.*, 938 F.3d 1259, 1269 (11th Cir. 2019)("shifting to Schaw the burden of proving a good-faith effort to make use of Habitat's proffered alternative accommodation, was premature. The court should have looked first to the reasonableness of Schaw's own proposed accommodation before considering any outside evidence.")

Here MAJORCA's counsel has apparently decided that the "alternative accommodation" MAJORCA offered to UNGER magically obviates MAJORCA's liability for failing to grant the accommodation UNGER requested, and that the proposed alternative accommodation provides UNGER with an equal opportunity to use and enjoy his home. That determination of whether an accommodation is reasonable is a highly fact specific analysis and one which is not MAJORCA's counsel to make unilaterally. *Cohen v. Monroe Cty*., 749 F. App'x 855, 857 (11th Cir. 2018) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1302 (11th Cir. 2002) ("Whether

a requested accommodation is required by law is highly fact -specific, requiring case-by-case determination.")

Defendant cites to a *Weiss v. 2100 Condo. Ass'n,* 941 F. Supp. 2d 1337, 1344 (S.D. Fla. 2013), a case granting summary judgment rather than deciding a motion to dismiss, for the soundbite that "notably, the law entitles a disabled person only to an accommodation that is reasonable and necessary, not to an accommodation of his/her choosing." More recent and binding authority from the 11th circuit court of appeals indicates that a disabled person is in fact entitled to the accommodation of his or her choosing unless that preferred accommodation is unreasonable. The reasonableness of the proffered alternative and whether that alternative in fact provides UNGER with an equal opportunity to use and enjoy his home is relevant only if and when MAJORCA is successful in demonstrating that the accommodation UNGER request for recordings or minutes of the board meetings would impose an "undue burden" or result in a "fundamental alteration." *Schaw v. Habitat for Humanity of Citrus County Inc.*, 938 F.3d 1259, 1269 (11th Cir. 2019)

### D. PLAINTIFF'S CASE IS NOT MOOT

Lastly, Defendant asserts that because all board meetings are now being held via ZOOM, coupled with MAJORCA's magnanimously "allowing a designated third person (or Plaintiff's wife) to record the meetings," Plaintiff's claim is moot. As previously discussed, the fact that MAJORCA deigned to proffer an alternative

accommodation does not excuse it from having failed to grant the reasonable accommodation that UNGER requested. Second, even if contrary to the assertion in the complaint, UNGER now in fact has the ability to attend board meetings via ZOOM, that does not excuse the failure to accommodate UNGER when he made a request before the pandemic, or excuse MAJORCA from accommodating UNGER in the future when face to face board meetings resume.

A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. In this case, in addition to a reasonable accommodation, Plaintiff seeks compensatory and punitive damages for MAJORCA's failure to grant him a reasonable accommodation when he made the request. The controversy as to that requested accommodation as well as UNGER's claim for money damages remain live. Defendant's claim of "mootness" is erroneous. *Hunt v AIMCO Properties*, L.P., 814 F.3d 1213, 1220 (11th Cir. 2016) (citing *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).

## CONCLUSION

Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has unequivocally alleged facts that if true demonstrate that MAJORCA has failed to grant him a reasonable accommodation and that he is

entitled to the relief he has requested. Defendant's Motion to Dismiss must be denied.

Respectfully submitted this 28th day of September, 2020.

**Marcy I. LaHart, PA**

s/ Marcy I. LaHart
Marcy I. LaHart, Esquire
Florida Bar No. 0967009
249 SE Tuscawilla Rd
Micanopy, FL 32667
marcy@floridaanimallawyer.com
(352) 545-7001
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Clerk of Court for United States District Court, Southern District of Florida, by using the CM/ECF system, which will send a copy of the document and notice of electronic filing to all counsel of record.

BY: s/*Marcy LaHart*
Counsel for Plaintiff