UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-81175-CIV-SINGHAL

STEVEN UNGER,

    Plaintiff,

v.

MAJORCA AT VIA VERDE HOMEOWNERS
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendants' Motion to Dismiss the Complaint and Incorporated Memorandum of Law (DE [8]). Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (DE [9]) and Defendant filed a reply in support of its motion to dismiss (DE [10]). Accordingly, the matter is ripe for review.

**I.**    **BACKGROUND**

Plaintiff Steven Unger ("Plaintiff") brought this action alleging violations of the Fair Housing Act ("FHA") against Defendant Majorca At Via Verde Homeowners Association, Inc. (the "Association"). Plaintiff lives with his wife, Sanne Unger, in a townhome located at 5205 Majorca Club Drive, Boca Raton, Florida 33486 in the Association's community. Plaintiff is a disabled individual who has "severe ankylosing spondylitis," a degenerative physical disability. Plaintiff asserts this condition inhibits him from attending Association meetings in person. Plaintiff claims the Association's meeting minutes were promptly posted online to the Association's website after the meetings were held until sometime in April 2019. In July 2019, Plaintiff alleges he sent a request for the Association's meeting

minutes to the secretary of the Association's board. The Association did not respond. Later in July, Plaintiff's wife requested the meeting minutes be posted online. The Association's president, Tara Leigh Scott, promised the minutes would be posted but Plaintiff claims the meeting minutes were never made available on the website.

In November 2019, a new management company took over managing the Association. On January 15, 2020, and again on March 4, 2020, Plaintiff's wife emailed the Association's new property manager, David Schwartz, informing him of Plaintiff's disability and requesting either a recording of the meeting or a copy of the meeting minutes be e-mailed after the meetings were conducted. The Association did not respond. On March 9, 2020, a formal request for accommodation was sent on behalf of Plaintiff. Plaintiff alleges the Association suggested Plaintiff designate a representative to attend the meetings in his stead as the meetings are not recorded. Plaintiff then enlisted the assistance of counsel for access to the Association's meeting minutes.

On May 26, 2020, through its counsel, the Association responded. In its response, the Association stated all meetings were being held remotely via ZOOM video conference as a result of the COVID-19 pandemic. Plaintiff, however, alleges he and his wife were unable to attend the meetings remotely as they were never granted access beyond the virtual waiting room. Plaintiff further claims the meeting minutes still have not been posted on the Association's website.

In his Complaint (DE [1]), Plaintiff alleges one count for failure to reasonably accommodate in violation of 42 U.S.C. § 3604(f)(3)(b) (Count I). In the instant Motion to Dismiss (DE [8]), the Association argues Plaintiff has failed to allege any actions by the Association that would constitute a violation of the FHA. The Association further argues

Plaintiff's deficient and generic allegations fail to assert how Plaintiff's disability interferes with his ability to attend the meetings or how the meetings are inaccessible to a disabled person. Additionally, the Association argues Plaintiff has failed to allege sufficient facts to assert his requested accommodation is necessary or how any other disabled person is treated differently. The Association further contends it never denied Plaintiff's request for an accommodation, and directs this Court to the attached exhibits, which facially contradict Plaintiff's allegation by inviting Plaintiff to attend the meetings virtually and permitting Plaintiff to designate a representative. The Association argues Plaintiff is not entitled to an accommodation of his choosing. Finally, the Association contends Plaintiff's claim is moot because all Association meetings are held virtually as a result of the COVID-19 global pandemic.

Plaintiff opposes the motion arguing he has unequivocally alleged facts that, if true, demonstrate the Association failed to grant him a reasonable accommodation and he is entitled to the relief requested. Plaintiff argues he has adequately alleged he has an impairment, which substantially limits major life activities, including his ability to walk. Due to his disability, Plaintiff is unable to attend the meetings in person because of his disability. Plaintiff and his wife requested the Association provide a recording or meeting minutes promptly after the Association's meetings are held. Finally, Plaintiff argues his Complaint (DE [1]) sufficiently alleges the Association did not grant his requested accommodation.

## II. LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombev v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

The FHA makes it illegal to discriminate "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

facilities in connection with such dwelling, because of a handicap . . . ." 42 U.S.C. § 3604(f)(2). Handicap discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To assert a failure to reasonably accommodate claim under section 3604(f)(3), a plaintiff must plead four elements: (1) the plaintiff is a person with a disability within the meaning of the FHA or a person associated with that individual; (2) the plaintiff requested a reasonable accommodation for the disability; (3) the requested accommodation was necessary to afford the plaintiff an opportunity to use and enjoy the dwelling; and (4) the defendant refused to make the accommodation. *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014).

It is uncontested that Plaintiff falls within the category of persons protected by the FHA. Furthermore, Plaintiff, and Plaintiff's wife, requested the Association's meeting minutes be posted online. Here, the claim turns on whether the Complaint (DE [1]) sufficiently alleged that Plaintiff requested a reasonable accommodation necessary for use and enjoyment of the dwelling and such accommodation request was refused.

The Eleventh Circuit has yet to determine "precisely what form the request [for a reasonable accommodation] must take." *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1261 n.14 (11th Cir. 2007). "[T]he Tenth Circuit has emphasized that a plaintiff 'need not use magic words' to express a request for accommodation." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1226 (11th Cir. 2016) (quoting *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999)). "However stated, a plaintiff can be said to have made a request for accommodation when the defendant has 'enough information to know of both

5

the disability and desire for an accommodation.'" *Id.* (quoting *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003) (internal quotation marks omitted).  As such, "circumstances must at least be sufficient to cause a reasonable [housing provider] to make appropriate inquiries about the possible need for an accommodation."  *Id.*  Here, the Complaint (DE [1]) contains allegations that, taken together, meet this standard.

The FHA's reasonable accommodation provision requires only those accommodations that "may be **necessary** . . . to afford **equal opportunity** to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B) (emphases added).  "In this context, 'equal opportunity' can only mean that handicapped people must be afforded the same (or 'equal') opportunity to use and enjoy a dwelling as non-handicapped people, which occurs when accommodations address **the needs created by the handicaps**."  *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008) (emphasis in original).  "[T]he statute requires only accommodations necessary to ameliorate the effect of the plaintiff's disability so that she may compete equally with the non-disabled in the housing market."  *Id.* (quoting *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 749 (7th Cir. 2006)).  Here, Plaintiff has sufficiently alleged he is unable to attend the meetings in person.  Further, the request for meeting minutes would not increase the benefit to a handicapped person above that provided to nonhandicapped persons able to attend the meetings in person.

A plaintiff, however, is not entitled to the accommodation of his or her choice but is entitled only to a reasonable accommodation.  S*ee Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997).  "Whether an accommodation is reasonable depends on specific circumstances."  *Terrell v. USAir*, 132

6

F.3d 621, 626 (11th Cir. 1998); *see also Loren v. Sasser*, 309 F.3d 1296, 1302 (11th Cir. 2002) ("Whether a requested accommodation is required by law is highly fact-specific, requiring case-by-case determination.") (internal quotation marks omitted).  Defendant argues such request was not refused.  Instead, the Association suggested Plaintiff designate a representative to attend the meetings in his stead and, since May 2020, all Association meetings were being held remotely via ZOOM video conference.  To this end, the Plaintiff has failed to sufficiently allege his reasonable accommodation request was refused, but may be able to do so in an amended pleading.

Finally, Defendant argues Plaintiff's case is moot because all Association meetings are being held remotely because of the COVID-19 pandemic.  "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).  Had Plaintiff requested only injunctive relief to prevent eviction, his case would be moot.  *See Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.").  Plaintiff, however, also sought compensatory and punitive damages in his one-count Complaint (DE [1]).  Thus, the controversy as to money damages remains live.  *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1220–21 (11th Cir. 2016).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss the Complaint and Incorporated Memorandum of Law (DE [8]) is **GRANTED**.  This cause shall stand **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to

**CLOSE** this case and **DENY AS MOOT** any pending motions. Further, Plaintiff may move to amend its complaint by **July 30, 2021**.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of July 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF