UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81175-AHS

STEVEN UNGER,

    Plaintiff,

vs.

MAJORCA AT VIA VERDE HOMEOWNERS
ASSOCIATION INC.,

    Defendant.
_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, STEVEN UNGER, by and through his undersigned counsel, and sues Defendant, MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC., and states as follows:

**I. NATURE OF THE ACTION**

1.    This is a civil action brought pursuant to the federal Fair Housing Act [hereafter "FHA"], for damages and injuries arising from unlawful discrimination by the Defendant, MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. against Plaintiff, STEVEN UNGER, a person with disabilities. MAJORCA violated the FHA by refusing to make reasonable accommodations to its rules, polices, practices, and/or services when such an accommodation is necessary to afford the Plaintiff, STEVEN UNGER, an equal opportunity to use and enjoy his dwelling.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 3601, *et seq.*, and § 3613.

3. Venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this District, and the events giving rise to the Plaintiff's claims arose in this District.

## III. PARTIES

4. Plaintiff STEVEN UNGER [hereafter "STEVEN UNGER" and/or "Plaintiff"], is an individual with a disability that qualifies him for the protections of the FHA.

5. Defendant, MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC., (hereinafter "MAJORCA" or "Defendant"), is a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes, with its primary address at 3901 N. Federal Highway Suite 202, Boca Raton, FL 33431 and is responsible for administering and governing its housing community pursuant to its Articles of Incorporation, Declaration and By-Laws, and its Rules and Regulations.

6. The townhouses governed by MAJORCA are "dwellings" within the meaning of 42 USC § 3602(b) of the FHA.

7. MAJORCA is subject to the anti-discrimination provisions of the FHA.

## IV. FACTUAL ALLEGATIONS

8. STEVEN UNGER lives in a townhome located within the MAJORCA community.

9. STEVEN UNGER and his wife SANNE UNGER purchased their unit located at 5205 Majorca Club Drive, Boca Raton, FL 33486.

10. STEVEN UNGER suffers from and has a history of suffering from severe ankylosing spondylitis. STEVEN UNGER'S ankylosing spondylitis substantially limits his major life activities, particularly walking. Accordingly, STEVEN UNGER has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

11. A letter from STEVEN UNGER's Rheumatologist Dr. Ira Prado attesting to the fact that STEVEN UNGER suffers from Ankylosing Spondylitis, the symptoms of which include fatigue and chronic pain, and which substantially interferes with STEVEN UNGER's mobility is marked, attached hereto and incorporated by reference as "Exhibit A".

12. When STEVEN UNGER first began living at MAJORCA, the minutes of the homeowners' association ("HOA") meetings were promptly posted online on the MAJORCA HOA's website, immediately after the meeting was held.

13. For unknown reasons, starting in April 2019, the minutes were no longer posted to the MAJORCA HOA website.

14. Mr. Unger cannot attend the meetings himself because of his disabling ankylosing spondylitis and the fact that meetings are held several miles from MAJORCA.

15. Online access to the minutes of the HOA meetings is important to STEVEN UNGER because he is physically unable to attend the meetings in person.

16. Beginning more than two years ago, on July 19, 2019, STEVEN UNGER began emailing Daniel Johnson, then the secretary of the MAJORCA HOA Board, requesting that copies of the minutes of the HOA meetings be forwarded to him.

17. Additionally, on July 25th and 26th, 2019 STEVEN UNGER's wife Sanne Unger emailed Tara Leigh Scott, president of the HOA, requesting that the minutes of the HOA meetings be posted online.

18. Tara Leigh Scott promised that the minutes would be posted, but the promise was never fulfilled.

19. In November of 2019 a new management company took over managing MAJORCA.

20. On January 15, 2020 Mrs. Unger emailed the new property manager, David Schwartz, asking if there was a community website for MAJORCA, and if so when it would be online. In her email Mrs. Unger indicated that there had not been access to personal account information and community happenings for several months.

21. On March 4, 2020 Mrs. Unger emailed the property manager as follows:

> *Mr. Schwartz,*
> *I never heard back from you regarding my email below; requesting access for my husband to view the HOA minutes and community account information and events. Unfortunately, he is unable to attend board meetings. In the past, he was able to view them online but has not had access for several months. Kindly post the information this week so he can keep up to date on the community happenings.*
> *Thank you,*
> *Sanne Unger*
> *5205 Majorca Club Dr*

22. Having heard nothing from Mr. Schwartz or anyone else associated with MAJORCA, on March 9, 2020 Ms. Unger made a formal request for accommodation on STEVEN UNGER's behalf. Specifically, her request stated:

> *Mr. Schwartz, Ms. Weaver, Mr. Johnson,*
>
> *My husband Steven has a physical disability that limits his mobility, and he is therefore unable to attend monthly HOA board meetings*

> *and has limited access to the community mailboxes. I am requesting a reasonable accommodation be made for him.*
>
> *Please e-mail either a recording of the board meetings, or a transcript of the monthly board meetings minutes to sama59@gmail.com immediately after the meetings occur. Please e-mail all community announcements, agendas, notifications, surveys, homeowner correspondence and any other community-related mailings to sama59@gmail.com.*
>
> *Kindly respond to my request within seven (7) business days. Thank you for your time and consideration, I look forward to receiving your response.*
>
> *Sanne Unger*
> *5205 Majorca Club Dr*

The March 9, 2020 Reasonable Accommodation Request is marked, attached hereto and incorporated by reference as "Exhibit B."

23.   Mr. Schwartz finally responded by email on March 27, 2020 as follows:

> *Good Morning:*
> *At this time, the board of directors does not record audio or video of the Board meetings. This is not normal practice for the board meetings. If and when you are able to attend the Board meetings, you are able to record the Board meetings. I believe the location of the meetings which are held at Sugar Sand Park is ADA compliant. If you are not able to attend the meetings,*
>
> *The only transcripts which are available are the approved meeting minutes from the previous meeting. A website is being developed,*

> *once that is up and running, you will be able to have access to the community information easily. In the meantime, when the community information is available we will email you a copy. Should you have any additional questions please let me know.*
>
> *Thank you,*
> *David Schwartz LCAM*

The March 27, 2020 email denying the requested accommodation is marked, attached hereto and incorporated by reference as "Exhibit C.

24. No minutes, draft or final, have ever been emailed to STEVEN UNGER as requested.

25. On May 15, 2020 UNGER's undersigned counsel wrote to property manager David Schwartz and MAJORCA's Board in a futile attempt to explain MARJORCA's obligation to accommodate UNGER's disability. The letter from STEVEN UNGER's counsel is marked, attached, and incorporated herein as "Exhibit D."

26. On May 26, 2020, MAJORCA responded through its counsel, Attorney Karen A. Gagliano, stating that because of Covid 19 HOA meetings are being held by Zoom, that Mr. and Mrs. Unger have access to in person and/or Zoom meetings, and "future approved minutes of Association will continue to be timely posted on the website, as will various other records of the Association." Attorney Gagliano's May 26, 2020 letter is marked, attached hereto and incorporated by reference as "Exhibit E."

27. The minutes of the HOA meetings are still not being posted to the community's website, timely or at all.

28. Because of his fatigue and chronic pain STEVEN UNGER is not always well enough to attend HOA meeting via Zoom.

29.     Even when well enough, STEVEN UNGER has not always been able to attend HOA meetings via Zoom because he and Mrs. Unger have been kept in the "waiting room" and not admitted to the meetings.

30.     The use of the Zoom platform for meetings is temporary, when the pandemic is no longer an issue, MAJORCA's HOA meetings will again be held offsite.

31.     According to MAJORCA's counsel, "[w]hen in person meetings restart, your clients can have Mrs. Unger, or any other identified representative of Mr. Unger, attend and tape or video record the meetings for his personal use if that is what he wants."

32.     The letter from MAJORCA's counsel does not indicate why having MAJORCA tape o the meetings and provide Mr. Unger a copy would be an administrative or financial burden.

33.     Obtaining a cassette recorder and having a board member push the on button at the inception of an HOA meeting, the off button at the meeting's terminus, and providing the recorded tape to STEVEN UNGER after the meeting imposes minimal burden upon MAJORCA, financial or administrative.

34.     If STEVEN UNGER'S wife had the time and inclination to attend the Board Meetings she could do so without the permission of the Board as she is also a resident of MAJORCA. Offering to allow STEVEN UNGER's wife to attend Board meetings to tape the meetings for him provides him nothing he did not already have. It is not an accommodation.

35.     STEVEN UNGER'S wife, a college professor, already has demanding personal and professional obligations coupled with a complete lack of interest in the actions of MAJORCA's board. There is no authority for imposing the burden of attending an offsite HOA meeting upon the spouse of a disabled person simply to avoid having to make an otherwise reasonable accommodation.

36. Enlisting a third-party to attend HOA meetings and make recordings for him would require STEVEN UNGER to pay for that person's time, assuming such a person could be even found.

37. An accommodation that requires a person with disability to pay extra fees is not a reasonable accommodation when the housing provider could easily, without undue financial or administrative burdens, accomplish the basic purpose of the requested accommodation without imposing a recurring expense on the disabled resident.

38. The alternative accommodation that has been offered is not reasonable.

39. The purpose of the accommodation, providing STEVEN UNGER equal access to the content of meetings of MAJORCA's Board, can be accomplished without undue financial or administrative burdens to MAJORCA.

40. The one-time expense of obtaining a cassette recorder is approximately $40.00, a pack of 5 (five) 90-minute tapes is $14.24 on Amazon.com.[1] Even if MAJORCA had to obtain a new cassette recorder every single year, the expense incurred in accommodating STEVEN UNGER's desire for a recording of the board meetings which he is physically unable to attend would be less than $100.00 annually.

41. As of the date of this filing, MAJORCA has failed to accommodate STEVEN UNGER's disability by providing him minutes or recordings of meetings of the MAJORCA HOA, either immediately after the meetings, or at all.

---

[1] https://www.amazon.com/Maxell-108562-PacksMaxell-Recording-Protective/dp/B00006IAAL/ref=asc_df_B00006IAAL/?tag=hyprod-20&linkCode=df0&hvadid=459527314024&hvpos=&hvnetw=g&hvrand=9183966267398818830&hvpone=&hvptwo=&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=1015033&hvtargid=pla-433881646245&psc=1 (visited July 25, 2021)

42. MAJORCA's failure to modify its policies to accommodate STEVEN UNGER's disability is unreasonable, discriminatory and unlawful.

43. MAJORCA's actions are intentional, deliberate, willful and in total and reckless disregard of STEVEN UNGER's rights and show total indifference to STEVEN UNGER's disabilities.

44. STEVEN UNGER has been injured by MAJORCA's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

45. As a direct and proximate result of MAJORCA's conduct, STEVEN UNGER has incurred attorney's fees and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

46. STEVEN UNGER retained undersigned counsel and is obligated to pay a reasonable fee for her services.

47. All conditions precedent to the Plaintiff bringing this action have occurred, or the performance of such conditions have been waived by the Defendant.

## COUNT I
## FAILURE TO REASONABLY ACCOMMODATE

48. Plaintiff re-alleges and incorporates by reference Paragraphs 1-47 as if fully set forth herein.

49. STEVEN UNGER suffers from ankylosing spondylitis, which substantially limits his mobility and causes him chronic pain and fatigue.

50. Because of his disability STEVEN UNGER is unable to attend meetings of MAJORCA's homeowner's association in person.

51. MAJORCA was requested to provide minutes or a recording the meetings of the HOA to STEVEN UNGER because STEVEN UNGER's disability prevents him from being physically in attendance at HOA meetings.

52. MAJORCA has actual knowledge of STEVEN UNGER's disability and of his inability to attend association meetings in person.

53. As of the date of this filing, MAJORCA has failed to grant the request to accommodate STEVEN UNGER's disability by recording the association's meetings and/or ensuring he is provided prompt access to minutes of the meetings.

54. MAJORCA's proffered accommodation of having STEVEN UNGER's wife or an unknown third-party attend association meetings and record the meetings for him is unreasonable.

55. As of the date of this filing, MAJORCA has failed to accommodate a reasonable request for a disability.

56. Accommodating STEVEN UNGER's need for recordings and/or access to minutes of the HOA meetings would not: 1) result in substantial physical damage to the property of others; 2) pose an undue financial and administrative burden; or 3) fundamentally alter the nature of the MAJORCA's operations.

57. MAJORCA's failure to accommodate STEVEN UNGER's disability is discriminatory and unlawful.

58. MAJORCA's actions and conduct constitute a conscious and reckless disregard for STEVEN UNGER's 's rights and show total indifference to STEVEN UNGER's disability.

59. MAJORCA violated 42 U.S.C. § 3604(f)(3)(B), FHA by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford STEVEN UNGER an equal opportunity to use and enjoy his dwelling.

60.     The discriminatory conduct of MAJORCA was intentional, willful, and taken in total disregard for Plaintiff's rights.

61.     As a direct and proximate result of MAJORCA's failure to accommodate, STEVEN UNGER has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVEN UNGER, requests that this Court and/or the jury:

A. Enter judgment against MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. declaring that MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. actions as set forth above, violate federal law, including but not limited to the FHA;

B. Enter an order requiring MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. to record its meetings and provide STEVEN UNGER the recordings within 24 hours of the meetings' conclusion;

C. Award STEVEN UNGER such damages as will fully compensate him for his injuries caused by MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC.'s discriminatory and tortious conduct;

D. Award STEVEN UNGER punitive damages;

E. Award STEVEN UNGER reasonable attorney's fees and costs incurred in bringing this action to enforce his federal rights, including but not limited to those under the FHA;

F. Grant such other relief as justice may require.

## DEMAND FOR JURY TRIAL

62. Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 27th day of July 2021.

**Marcy I. LaHart, PA**

*s/ Marcy I. LaHart*
Marcy I. LaHart, Esquire
Florida Bar No. 0967009
207 SE Tuscawilla Rd
Micanopy, FL 32667
marcy@floridaanimallawyer.com
(352) 545-7001
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, I electronically filed the foregoing with the Clerk of Court for United States District Court, Southern District of Florida, by using the CM/ECF system, which will send a copy of the document and notice of electronic filing to all counsel of record.

BY: s/Marcy LaHart
Counsel for Plaintiff



Joseph Z. Forstot, M.D., F.A.C.P., F.A.C.R.
Shawn Baca, M.D., F.A.C.R.
David Alboukrek, M.D., F.A.C.R.
Korey Ullrich, M.D., F.A.C.R.
Ira Pardo, M.D., F.A.C.R.
David J. Dillon, M.D., F.A.C.R.
Alexis Katz, D.O., F.A.C.R.

To Whom It May Concern:

I am a Rheumatology Specialist, licensed by the state of Florida, with more than 30 years of experience in my field. Steve Unger is my patient and is currently under my care. Mr. Unger suffers from and has a history of suffering from Ankylosing Spondylitis, a chronic inflammatory disease. His symptoms include fatigue and chronic pain. Mr. Unger's condition substantially interferes with his major life activities, especially mobility. Walking for Mr. Unger is extremely painful.

Yours truly,

*[signature]*

Dr. Ira Pardo

Boca Raton | Boca Raton Medical Plaza | 1050 N.W. 15th Street | Boca Raton, Florida 33486 | 561.368.5611 | Fax 888.990.0354
Delray Beach | 5162 Linton Boulevard, Suite 101 | Delray Beach, Florida 33484 | 561.498.3114 | Fax 888.990.0354

**Exhibit A**

-----Original Message-----
From: Sanne Unger [mailto:sanne.majorca@gmail.com]
Sent: Monday, March 09, 2020 4:07 PM
To: Daniel Johnson, Secretary; David Schwartz; Laureen Weaver
Cc: B. Fletcher, VP Fair Housing Center of the Greater Palm Beaches
Subject: Reasonable Accommodation Request

Mr. Schwartz, Ms. Weaver, Mr. Johnson,

My husband Steven has a physical disability that limits his mobility, and he is therefore unable to attend monthly HOA board meetings and has limited access to the community mailboxes. I am requesting a reasonable accommodation be made for him.

Please e-mail either a recording of the board meetings, or a transcript of the monthly board meeting minutes to sama59@gmail.com immediately after the meetings occur. Please e-mail all community announcements, agendas, notifications, surveys, homeowner correspondence, and any other community-related mailings to sama59@gmail.com.

Kindly respond to my request within seven (7) business days. Thank you for your time and consideration, I look forward to receiving your response.

Sanne Unger
5205 Majorca Club Drive

**Exhibit B**

From: David Schwartz <DSchwartz@hawkeyefla.com>
Date: Fri, 27 Mar 2020 14:48:19 +0000
Subject: Reasonable Accommodation Request
To: Sanne Unger <sanne.majorca@gmail.com>, "SAMA59@GMAIL.COM" <SAMA59@gmail.com>
Cc: Tara Scott <tara@taraleighscott.com>, "Daniel Johnson, Secretary" <magansbay2@gmail.com>

Good Morning:

At this time, the board of directors does not record audio or video of the Board meetings.  This is not normal practice for the board meetings.  If and when you are able to attend the Board meetings, you are able to record the Board meetings.  I believe the location of the meetings which are held at Sugar Sand Park is ADA compliant.  If you are not able to attend the meetings, you may designate a set representative by power of attorney to attend the meetings for you and then that person may record or take notes as necessary of the Board meeting.

The only transcripts which are available are the approved meeting minutes from the previous meeting.  A website is being developed, once that is up and running, you will be able to have access to the community information easily.  In the meantime, when the community information is available, we will email you a copy.

Should you have any additional questions please let me know.


Thank you,

David Schwartz, LCAM

Hawk-Eye Management, Inc.
3901 North Federal Highway, Suite 202
Boca Raton, Florida  33431
561-392-1600
561-392-1608 Fax

www.hawkeyefla.com
dschwartz@hawkeyefla.com

**Exhibit C**



# Marcy I. LaHart PA

207 SE Tuscawilla Road
Micanopy, FL 32667
352/545-7001
Fax: 888-400-1461
marcy@floridaanimallawyer.com

May 15, 2020

David Schwartz, LCAM
Hawk-Eye Management Inc.
3901 N. Federal Highway, Suite 202
Boca Raton, FL 33431

RE: Failure to accommodate Steven Unger

Dear Mr. Schwartz:

I have been retained by Steven and Sanne Unger to address blatant violation of local, state and federal anti-discrimination provisions by Majorca at Via Verde Homeowners Association, Inc. and Hawk-Eye Management Inc. As you are aware, Mr. Unger's disability precludes him from being able to be physically present at meetings of Majorca at Via Verde Homeowners Association, Inc.'s Board of Directors. Recently a very reasonable request for accommodation of Mr. Unger's disability was made on Mr. Unger's behalf; that proceedings of Board of Directors be made accessible to Mr. Unger by either recording the meetings or providing minutes of the meetings by email immediately after the meetings. On March 27, 2020 you responded to this request by stating that Mr. Unger could record the meetings himself if he attended, or "designate a set representative by power of attorney to attend meetings for you and then that person may record or take notes as necessary of the Board meeting."

**Exhibit D**

David Schwartz
May 15, 2020
Page 2

This response in and of itself violates local, state and federal Fair Housing laws. Recording Board meetings and/or promptly providing minutes of Board meetings via email is a reasonable accommodation because doing so would not impose an undue financial or administrative burden upon the Association. The request for accommodation made it quite clear that the reason for the request is that Mr. Unger's disability precludes him from being able to be physically present at the Board's meetings. If he could attend the Board meetings himself, he would not need to record them.

Furthermore, stating that a disabled person can just designate someone else to attend the meetings for him evinces both indifference to Mr. Unger's disability and an appalling ignorance of the legal obligations of both Association and Hawk-Eye Management Inc. to "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Because the accommodation requested by my clients is facially reasonable, the accommodation should have been granted immediately without further discussion or suggestion of alternatives. See *Schaw v. Habitat for Humanity of Citrus Cnty., Inc.*, 938 F.3d 1259 (11th Cir. 2019)

Mr. Unger wishes to be kept abreast of what is happening in his community, and the Association's response to a very reasonable request that minutes be provided to him via email after the meetings was both dismissive and condescending. As this request does not pose a financial or administrative burden upon the Association, I look forward to confirmation that minutes of meetings of Majorca at Via Verde Homeowners Association, Inc. will be emailed to Mr. Unger at the conclusion of each meeting. Vague promises that meeting minutes will someday be posted to a website are simply unacceptable.

Please be advised that any discussion of Mr. Unger's disabilities with anyone beyond those that need such information to fulfill the requested accommodation is considered both a violation of his privacy and a violation of anti-discrimination laws. Further, any attempts to retaliate against either

**Exhibit D**

David Schwartz
May 15, 2020
Page 3

Steven or Sanne Unger based upon their exercise of their fair housing rights will be met with prompt legal action.

Very truly yours,

Marcy LaHart, Esq.


cc:     Tara Leigh Scott, President
        Daniel Johnson, Secretary
        Loye Matika, Board Member
        John Runhaar, Board Member
        Robert N. Black, Board Member

**Exhibit D**

LAW OFFICE
# KAREN A. GAGLIANO, P. A.
955-N  Northwest 17th  Avenue
Delray Beach, FL 33445

---

Telephone: (561)243-9100
Telefax: (561) 279-2297
Email: gaglianolaw@aol.com

May 26, 2020                                                         Via email & US Mail

Marcy I. LaHart, Esquire
207 SE Tuscawilla Road
Micanopy, FL 32667

Re:   Our Client: Majorca at Via Verde HOA
      Your Client: Steven and Sanne Unger
      Our File No.: 10787

Dear Ms. LaHart:

Please be advised that this office represents Majorca at Via Verde Homeowners Association, Inc. This letter is in response to your letter of May 15th to my client.

You allege that my client has not offered a reasonable accommodation to Mr. Unger. I am advised that my client advised Mr. Unger of his right to send his co-owner/wife, or any other representative he identifies before the meeting, to tape or video record any live meeting so that he has full access to these meetings. This is in compliance with the Homeowner Association Statute benefitting all owners. Mr. & Mrs. Unger were advised that the Board does not tape or video record any association meetings. Hand notes are taken at the meeting. By the time of the next meeting, those notes are transcribed and presented to the Board for review and approval. There is no "immediate" transcribing of the minutes and they are not "completed" until voted upon by the directors at the next Board meeting. Upon approval those transcribed minutes are available to all owners requesting a copy as they then become part of the official records of the Association. My client previously offered to email those approved minutes to Mr. & Mrs. Unger. Additionally, since then the Association's website is up and running and the approved minutes through May 20th are posted. Your clients and all other owners can access this website and read/print out the minutes or other posted documents of the Association any time they wish.

You should also know that due to the Covid19's crowd restrictions effective since early March, there have been Zoom meetings open to all members. The Annual meeting of the members was held on May 6th followed immediately by the Organizational Meeting of the Board. A Board meeting was also held on Zoom on May 20th. All owners received timely notice, as well as instructions, on how to "attend" and take part in these virtual meetings. Specifically, your clients received email notices to the email address they previously registered with the Association. Apparently, they chose not to attend these virtual meetings.

# Exhibit E

Marcy I. LaHart, Esquire
May 26, 2020
Page 2

Lastly, in case you are unaware, this matter was already reviewed by the Fair Housing Center Greater Palm Beaches, Inc. which represented Mr. & Mrs. Unger previously on this matter. It is my understanding that this agency determined that the accommodation offered by the Association was reasonable. Until your letter, my client understood the matter was closed.

Based upon the facts, my client has provided and continues to provide reasonable accommodations to both of your clients. Your clients have full and timely access to in person and/or Zoom meetings, as well as access to all approved minutes of those meetings through the Association website. When in person meetings restart, your clients can have Mrs. Unger, or any other identified representative of Mr. Unger, attend and tape or video record the meetings for his personal use if that is what he wants. Future approved minutes of Association meetings will continue to be timely posted on the website, as will various other records of the Association.

Very truly yours,

Karen A. Gagliano, Esquire

cc: Board of Directors

**Exhibit E**