UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81175-AHS

STEVEN UNGER,

    Plaintiff,

v.

MAJORCA AT VIA VERDE
HOMEOWNERS ASSOCIATION, INC.,

    Defendants.

_____/

**<u>DEFENDANT MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

    Comes Now, Defendant MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC. ("Majorca" or "Association"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, filed on July 28, 2021, together with the incorporated Memorandum of Law, and in support thereof, states as follows:

    1.    This case arises out of Plaintiff's claim that Defendant Majorca At Via Verde Homeowners Association, Inc. (the "Association") allegedly failed to reasonably accommodate his disability in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(3)(b).

    2.    On July 15, 2021, this Court entered an order dismissing the Plaintiff's Complaint for failure to state a cause of action under the FHA. [DE 17]. In particular, this Court found:

> A plaintiff, however, is not entitled to the accommodation of his or her choice but is entitled only to a reasonable accommodation. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997)… Defendant argues such request was not refused. Instead, the Association suggested Plaintiff designate a representative to attend the meetings in his stead and, since May 2020, all

> Association meetings were being held remotely via ZOOM video conference. To this end, the **Plaintiff has failed to sufficiently allege his reasonable accommodation request was refused**, but may be able to do so in an amended pleading.

[DE 17] (emphasis added). Thus, Plaintiff's ability to state a cause of action in this case – and right to file an amended pleading - hinges on a pleading which sufficiently alleges that the Association refused to make a reasonable accommodation.

3. Despite adding additional allegations in his amended pleading, the Plaintiff has not complied with this Court's instructions and therefore, should not be permitted to amend.[1]

4. Although Defendant is aware that Fed. R. Civ. P. 15(a) provides that the Court should allow for leave to amend "to be freely given," it is within a Court's authority to prohibit such amendment where the proposed amendment would be, as is the case here, futile. *See Marquesa at Pembroke Pines Condo. Ass'n v. Powell,* 183 So. 3d 1278, 1279-80 (Fla. 4th DCA 2016); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

5. A trial court's ruling on a motion to amend a complaint "will not be disturbed on appeal in the absence of an abuse of discretion." *See Lasar Mfg. Co. v. Bachanov,* 436 So. 2d 236, 237 (Fla. 3d DCA 1983).

6. In this case, this Court should prohibit amendment and deny Plaintiff's motion where the proposed amendment does not include any allegations that the Association refused his request for accommodation. To the contrary, Plaintiff's proposed amendment alleges the opposite:

> According to MAJORCA's counsel, "[w]hen in person meetings restart, your clients can have Mrs. Unger, or any other identified representative of Mr. Unger, attend and tape or video record the meetings for his personal use if that is what he wants."

---

[1] In the event the Court allows Plaintiff to amend his Complaint, Defendant submits the pleading is still deficient and will address the substantive allegations on a Motion to Dismiss.

[DE 18-1]. In other words, Plaintiff concedes the Association offered him an accommodation, such concession being fatal to his ability to follow this Court's instructions on the narrow grounds for amendment.

7. Therefore, for the reasons explained herein and below, Plaintiff's Motion for Leave to File its First Amended Complaint should be denied on the grounds of futility of the amendment.

### PLAINTIFF'S AMENDMENT ADDING ADDITIONAL CONCLUSORY ALLEGATIONS AGAINST DEFENDANT MAJORCA IS FUTILE

Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).1. The Rule further states that "[t]he court should freely give leave when justice so requires." *Id.*; *Patel v. Georgia Dept. BHDD*, 485 F. App'x 982 (11th Cir. 2012). Despite this, a court may deny leave to amend on numerous grounds, such as the futility of the amendment. *Maynard v. Bd. of Regents of Div. of Univ. of Florida Dept. of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003). Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1990); *see Dysart v. BankTrust*, 516 Fed. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.")

Court have held that the futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Bill Salter Adver., Inc. v. City of Brewton*, AL, 2007 WL 2409819, at *2 (S.D. Ala. Aug. 23, 2007) (citing *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein

could not withstand motion to dismiss)); *see also Christman v. Walsh*, 416 Fed. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.")

In its Order [DE 17], this Court detailed specific and narrow grounds upon which Plaintiff would be permitted to amend his complaint – to wit, Plaintiff must "sufficiently allege his reasonable accommodation request was refused". *Id*. Of course, Plaintiff's proposed amendment concedes that the Association offered the following reasonable accommodations:

(1) Attend the Board meetings via Zoom, [DE 18-1, ¶26], and/or

(2) Designate any individual to attend and audio/video record the meeting. [DE 18-1, ¶31].

These allegations do not satisfy the Court's instructions and do not state the required elements for an FHA claim. That Plaintiff attempts to add additional allegations suggesting his choice of requested accommodation would not be a financial burden on the Association conflates the burden shifting analysis of the FHA. More importantly, it does not save his proposed amendment from futility since, as this Court has already noted, "A plaintiff, however, is not entitled to the accommodation of his or her choice but is entitled only to a reasonable accommodation. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997)…" [DE 17]. Accordingly, as Plaintiff did not follow this Court's instructions to include allegations necessary to state a cause of action, this Court should deny Plaintiff's Motion for Leave to Amend his Complaint and enter an Order dismissing the case <u>with prejudice</u>.

## **CONCLUSION**

The record before this Court, including the exhibits attached to the Complaint, clearly evidences that the proposed amendments would be futile. Plaintiff's new allegations do not

address the narrow grounds upon which this Court would consider amendment, but instead includes new allegations to argue why Plaintiff believes his requested accommodation was reasonable and should have been accepted above any alternative. Therefore, Defendant requests this Honorable Court deny Plaintiff's Motion for Leave to File his First Amended Complaint as the proposed amendments therein would be futile.

WHEREFORE, Defendant MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court enter an Order denying Plaintiff's, STEVEN UNGER, Motion for Leave to File his First Amended Complaint, and take such further action as it deems just and proper.

**Dated: August 11, 2021.**

    Respectfully Submitted,

    COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Majorca HOA*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9228
Facsimile (561) 683-8977
Primary e-mail: rachel.beige@csklegal.com
Secondary e-mail: justin.edell@csklegal.com

By: /s/ *Justin D. Edell*
    RACHEL K. BEIGE
    FBN: 0016366
    JUSTIN D. EDELL
    FBN: 105105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

                By: /s/ *Justin D. Edell*
                      RACHEL K. BEIGE
                      Florida Bar No.: 0016366
                      JUSTIN D. EDELL
                      Florida Bar No.: 105105