UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81175-AHS

STEVEN UNGER,

    Plaintiff,

vs.

MAJORCA AT VIA VERDE HOMEOWNERS
ASSOCIATION INC.,

    Defendant.
_____/

**PLAINTIFF STEVEN UNGER'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff, STEVEN UNGER, ["Unger" and/or "Plaintiff"] by and through his undersigned counsel, replies to Defendant's MAJORCA AT VIA VERDE HOMEOWNERS ASSOCIATION INC. ["MAJORCA and/or "Defendant"] Response In Opposition to Plaintiff's Motion For Leave To File An Amended Complaint as follows:

Plaintiff Steven Unger's initial complaint was dismissed because, according to this Court, it failed to sufficiently allege his request for reasonable accommodation was denied in light of an alternative accommodation offered by MAJORCA and because "since May 2020 all Association meetings were being held remotely via ZOOM video conference." [DE 17]

As made clear by Exhibit E to the proposed amended complaint, Association meetings are being held remotely via Zoom only temporarily because of Covid 19. According to the May 26, 2020 letter from Karen Gagliano written on behalf of MAJORCA, "[W]hen in person meetings

restart, your clients can have Mrs. Unger, or any other identified representative of Mr. Unger, attend and tape or video record meetings for his personal use if that is what he wants." [DE18-E]

In a good faith attempt to address the Court's identified inadequacy with his initial complaint, Plaintiff included in the amended complaint an explanation of why the proffered "accommodation[1]" did not address the need created by his disability. Specifically, Plaintiff's wife is unable to attend meetings of Majorca's board and has no interest in doing so even if her schedule permitted. [DE 18 ¶35[This leaves Plaintiff with having to locate a third party willing to attend and record meetings for him, presumably for compensation. [DE 18 ¶ 36] Further, even the ability to attend meetings by ZOOM does not fully accommodate Plaintiff because he is sometime unable to watch by ZOOM during the actual meeting time because of his fatigue and chronic pain. [DE ¶ 28] Having recordings of the meetings would allow him to listen to the recordings when his health allowed.

According to Defendant, Plaintiff should not be allowed to amend his complaint because "the proposed amendment does not include any allegations that the Association refused his request for accommodation." [DE 20] Plaintiff's requested accommodation is that, given that minutes are no longer posted promptly at the end of the meetings as was the past practice, [DE 18 ¶ 12], that he be provided recordings of the association's board meetings because he is physically unable to attend the meetings in person due to a physical disability. [DE 18, ¶ 22] Attached to the initial and amended complaints and incorporated into each complaint are a copy of an email from

---

[1] Plaintiff did not need an accommodation for his wife to be able to attend and record the meeting. No rule of the association forbids board meetings from being recorded and Plaintiff's wife has as much of a right to attend the meetings as any other resident. During the course of this litigation MAJORCA has changed its rule to now restrict attendance at board meetings solely to residents. However, prior to that change and at the time the alternative "accommodation" was offered, nothing prevented a resident's representative from attending and recording meetings for an absent resident.

MAJORCA's then property manager stating that: "At this time, the board of directors does not record audio or video of the Board meetings. This is not normal practice for the board meetings," [DE 18-C] and a letter from MAJORCA's attorney that states "Mr. & Mrs. Unger were advised that the Board does not tape or video record any association meetings," and also making it clear that MAJORCA had no intention of starting to do so for the benefit of Plaintiff, his disability notwithstanding.[DE 18-E]

The amended complaint not only alleges but inarguably demonstrates that MAJORCA has refused to grant the accommodation requested by Plaintiff. While Plaintiff does not dispute that MAJORCA has offered an alternative accommodation, specifically that he may convince his wife or some other person to attend meetings and record them for him, he disputes the <u>reasonableness</u> of the alternative accommodation, particularly given how simple it would be to grant the accommodation he has requested. The amended complaint contains specific allegations as to why the "alternative accommodation" is not reasonable based upon his specific circumstances.

Defendant makes much of the Court's statement that a disabled person "is not entitled to the accommodation of her choice but is entitled only to a reasonable accommodation." As noted by the Court, whether or not a particular accommodation is reasonable depends on specific circumstances and is a fact-specific case-by-case determination.

While a disabled person may not be entitled to the accommodation of her choice, the 11th Circuit Court of Appeals has emphasized that in the context of considering whether a housing provider has complied with the Fair Housing Act, the first consideration is whether the accommodation requested by the plaintiff is facially reasonable, and if so the defendant must demonstrate the requested accommodation would impose an undue financial or administrative burden before the reasonableness of any "alternative accommodation" is considered. *Schaw v.*

*Habitat for Humanity of Citrus Cty., Inc.*, 938 F.3d 1259, 1269 (11th Cir. 2019) ("a court at the summary-judgment stage must consider first whether the plaintiff's own requested accommodation "seems reasonable on its face" before turning to consider a defendant's objections and counterproposals"). While *Schaw* was decided at the summary judgment stage, at the pleading stage Plaintiff has plead sufficient facts in his amended complaint to show not only that his desired accommodation is reasonable on its face, but also that the proffered "alternative accommodation" does not meet the needs of his disability. Accordingly, the proposed amendment is not "futile."

Further, the May 2004 Joint Statement issued by the Department of Housing and Urban Development and Department of Justice, a document found by multiple courts to be "highly persuasive[2]" states:

> There may be instances where a provider believes that, while the accommodation requested by an individual is reasonable, there is an alternative accommodation that would be equally effective in meeting the individual's disability-related needs. In such a circumstance, the provider should discuss with the individual if she is willing to accept the alternative accommodation. <u>However, providers should be aware that persons with disabilities typically have the most accurate knowledge about the functional limitations posed by their disability, and an individual is not obligated to accept an alternative accommodation suggested by the provider if she believes it will not meet her needs and her preferred accommodation is reasonable</u>.[3] (emphasis added)

---

[2] <u>Sabal Palm Condominiums of Pine Island Ridge Ass'n, Inc. v. Fischer</u>, 6 F. Supp. 3d 1272, 1281 fn 10(S.D. Fla. 2014) referencing <u>Overlook Mut. Homes, Inc. v. Spencer</u>, 415 F. App'x 617 (6th Cir. 2011)

[3] https://www.justice.gov/sites/default/files/crt/legacy/2010/12/14/joint_statement_ra.pdf (last accessed August 15, 2021)

Contrary to MAJORCA's contention, Plaintiff has adequately alleged that MAJORCA has failed to grant his request for a reasonable accommodation notwithstanding its offer to allow Plaintiff's wife or another person to attend and record meetings for Plaintiff's benefit.

**WHEREFORE**, this Honorable Court should GRANT Plaintiff's motion for leave to file his Amended Complaint.

Respectfully submitted this 15th day of August, 2021.

**Marcy I. LaHart, PA**

*s/ Marcy I. LaHart*
Marcy I. LaHart, Esquire
Florida Bar No. 0967009
249 SE Tuscawilla Rd
Micanopy, FL 32667
marcy@floridaanimallawyer.com
(352) 545-7001
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2021, I electronically filed the foregoing with the Clerk of Court for United States District Court, Middle District of Florida, by using the CM/ECF system, which will send a copy of the document and notice of electronic filing to all counsel of record.

BY: s/Marcy LaHart
Counsel for Plaintiff