UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81175-AHS

STEVEN UNGER,

    Plaintiff,

v.

MAJORCA AT VIA VERDE
HOMEOWNERS ASSOCIATION, INC.,

    Defendants.
_____/

**DEFENDANT MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR BREACH OF MEDIATION CONFIDENTIALITY**

Comes Now, Defendant MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC. ("Majorca" or "Association"), by and through its undersigned counsel, hereby moves for sanctions against Plaintiff, STEVEN UNGER, and in support, states the following:

**Procedural History**

1. This case arises out of Plaintiff's claim that Defendant Majorca At Via Verde Homeowners Association, Inc. (the "Association") allegedly failed to reasonably accommodate his disability in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(3)(b).

2. On July 15, 2021, this Court entered an order dismissing the Plaintiff's Complaint for failure to state a cause of action under the FHA. [DE 17].

3. On August 27, 2021, this Court entered an Order denying Unger's Motion for Leave and finding that amendment to the Complaint would be futile. [DE 24].

4. On September 14, 2021, Plaintiff noticed his appeal of the Court's Order. [DE 27].

5. On September 29, 2022, counsel received the opinion of the USCA reversing and remanding the case back to the District Court.

6. Notwithstanding, prior to the opinion coming down the Parties had agreed to attend a follow-up mediation provided by USCA to occur on October 12, 2022. Despite the release of the opinion, the USCA Mediator provided the option to continue with the Mediation as the official Mandate had not yet been issued by the Court.[1]

7. The October 12, 2022 Mediation occurred with Mediator Beth Greenfield Mandler. The Parties ultimately reached an impasse.

8. Thereafter, on October 28, 2022, the Mandate of USCA was entered which reversed this Court's Order and remanded the matter. [DE 34].

## Legal Standard

9. Fla. Stat. § 44.405(1) provides:

> Except as provided in this section, all mediation communications shall be confidential. A Mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel. A violation of this section may be remedied as provided by sec. 44.406. If the mediation is court ordered, a violation of this section may also subject the mediation participant to sanctions by the court, including, but not limited to, costs, attorney's fees, and mediator's fees.

10. Fla. Stat. §44.406(1) provides:

> Any mediation participant who knowingly and willfully discloses a mediation communication in violation of sec. 44.405 shall, upon application by any party to a court of competent jurisdiction, be subject to remedies, including:
>   (a) equitable relief,
>   (b) compensatory damages,

---

[1] Pursuant to Fed. R. App. P. 33 and 11th Circuit R. 33-1, the appeal was scheduled for follow-up mediation on October 12, 2022.

(c) attorneys' fees, mediator's fees, and costs incurred in the mediation proceeding,

(d) reasonable attorneys' fees and costs incurred in the application for remedies under this section.

11.     When the parties do not reach a settlement at mediation, "the confidentiality afforded to the parties involved in mediation proceedings must remain inviolate." *Gordon v. Royal Caribbean Cruises, Ltd.,* 641 So. 2d 515, 517 (Fla. 3d DCA 1994).

## Breach Of Mediation Privilege

12.     On October 19, 2022, the Defendant Association held an HOA meeting which is open to all members of the Association.

13.     As with all Board meetings, members of the Association are allotted time where they are permitted to speak to raise concerns, make comments, or otherwise address issues to the Board and community.

14.     At the October 19, 2022 meeting, Mr. Unger spoke to the Board and Community whom were present at the meeting. During his speech, Mr. Unger improperly discussed specific details of the discussions and negotiations at mediation.

15.     The Board attempted to remind Mr. Unger that discussions which occurred at mediation were confidential; however, Mr. Unger insisted it "was his first amendment right to say what he wanted" and proceeded to continue disparaging the Board, as well as, revealing confidential mediation discussions.

16.     Under information and belief, Mr. Unger further sent a story to the Sun Sentinel[2]; however, it is unclear at this time what the substance of that story was and whether it similarly involved violation of mediation privilege. Notwithstanding, the Defendant is concerned regarding

---

[2] The Sun Sentinel is a South Florida News Publication.

such communications which would further cause the Association, and potentially its Board Members and entire community, harm.

17. To the extent requested, representatives from the Defendant in attendance at the Board Meeting will testify as to the communications disclosed by Plaintiff.

## **Remedies**

18. With his oral speech, Plaintiff violated both Fla. Stat. §44.405(1) and the appellate Court's Notice dated July 6, 2022 which scheduled the Parties for a follow-up Mediation while the case remained pending the USCA Mandate.

19. The Court has broad discretion in imposing sanctions both for breaching the mediation privilege and arguably the USCA's Notice. The Fourth District Court of Appeal has held:

> When a party fails to comply with an order, the trial court has a broad spectrum of sanctions to impose, although the sanction chosen must be commensurate with the offense. *Kelley v. Schmidt,* 613 So. 2d 918 (Fla. 5th DCA 1993); *Insua v. World Wide Air, Inc.*, 582 So. 2d 102 (Fla. 2d DCA 1991).

20. It also has been held:

> When a trial judge expressly finds that a party willfully and flagrantly abused the system and violated court orders, then the severity of the sanction is within the very broad discretionary area noted in *Canakaris v. Canakaris,* 382 So.2d 1197 (Fla.1980). Although subject to review and reversal for abuse, that discretion is expansive and subject to being influenced by the parties' past actions and inactions in the litigation. (Emphasis Added). *Cem-A-Care of Florida, Inc. v. Automated Planning Systems, Inc*., 442 So. 2d 1048, 1049 (Fla. 4th DCA 1983).

21. In the instant case, Plaintiff not only breached mediation confidentiality, but circulated the disclosure either to the entire or a significant segment of the community. Further,

as is typical in any mediation, all participants were advised of the strict confidentiality of the discussions and negotiations conducted therein.

22. Moreover, and particularly egregious, the context of the communications was Plaintiff's knowingly and intentionally disclosing details of the mediation proceedings, as well as his skewed and openly disdainful commentary on the current Board members' and retained counsel's handling of the defense of this case.

23. Indeed, and unconscionably, Plaintiff's unabashed and clearly stated intent in disclosing confidential mediation negotiations and pejorative commentary on the Association's defense of this case was to influence the members of the community so that Plaintiff could garner resentment and dislike for the current board in hopes of ultimately influencing the outcome of this litigation.

24. Florida appellate courts have approved the striking of pleadings, entry of default judgment (for breaches by a Defendant) and dismissal with prejudice (for breaches by a Plaintiff) for breaches of the mediation privilege. For example, in *Paranzino v. Barnett Bank of South Florida, N.A.*, 690 So. 2d 725 (Fla. 4th DCA 1997), the Fourth District affirmed the trial court's dismissal of the action with prejudice as the appropriate sanction for a breach of mediation confidentiality. In the case at bar, like in *Paranzino*, the breach here was a willful, deliberate violation of mediation privilege and the USCA's Notice referring the parties to follow-up mediation.

25. This Court has broad discretion to fashion the appropriate sanction commensurate with Plaintiffs' conduct and the severity of the offense. Defendant, thus, submit that Plaintiffs' conduct in making his speech in open forum was precisely the type of willful and flagrant abuse

of mediation confidentiality that warrants sanctions including but not limited to, an award of attorneys' fees and costs to Defendant.

26.	Finally, as is provided for in Fla. Stat. §44.406, Defendant requests compensatory damages as a result of Plaintiff's' breach as set forth herein.

WHEREFORE, Defendant MAJORCA AT VIA VERDE HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court grant this motion, grant the relief requested herein, and take such further action as it deems just and proper.

**Dated:  November 16, 2022.**

                    Respectfully Submitted,

          COLE, SCOTT & KISSANE, P.A.
          *Counsel for Defendant Majorca HOA*
          Esperante Building
          222 Lakeview Avenue, Suite 120
          West Palm Beach, Florida 33401
          Telephone (561) 383-9228
          Facsimile (561) 683-8977
          Email: rachel.beige@csklegal.com
          Email: justin.edell@csklegal.com

By:	*/s/ Justin D. Edell*
    RACHEL K. BEIGE
    FBN: 0016366
    JUSTIN D. EDELL
    FBN: 105105

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: /s/ *Justin D. Edell*
RACHEL K. BEIGE
Florida Bar No.: 0016366
JUSTIN D. EDELL
Florida Bar No.: 105105